UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FCA US LLC F/K/A
CHRYSLER GROUP
LLC,

   Plaintiff,

v.

RIGHTTHING, LLC,
ADP RPO, LLC, APC
WORKFORCE SOLU-
TIONS, LLC D/B/A
ZEROCHAOS, COM-
PUTER AND ENGI-
NEERING SERVICES,
INC., KYYBA, INC., and
AEROTEK, INC.,

   Defendants.

Case No. 16-14282
Hon. Terrence G. Berg

**ORDER GRANTING PLAINTIFF'S MOTION TO
<u>REMAND</u>**

### I.  Introduction

Plaintiff filed the original Complaint in this matter in Oakland County Circuit Court on October 28, 2016 against Defendants RightThing and ADP. ECF No. 1-3. Defendants removed the case to federal court on December 8, 2016. ECF No. 1. Pursuant to a stipulation and order extending the deadline to add new parties to January 31, 2017, ECF No. 17, Plaintiff amended its Complaint on

1

January 30, 2017 to add four additional defendants: APC, doing business as ZeroChaos ("ZeroChaos"), Computer and Engineering Services ("CES"), KYYBA, and Aerotek. Plaintiff now seeks remand to state court on the ground that the addition of ZeroChaos destroys complete diversity between the parties, depriving this Court of jurisdiction pursuant to 28 U.S.C. § 1447. Two defendants, Aerotek and ZeroChaos, oppose remand, urging instead that this Court ought to deny joinder of ZeroChaos. The remaining four defendants did not respond to Plaintiff's motion. The Court **GRANTS** Plaintiff's Motion to Remand. The pending Motion for Summary Judgment (ECF No. 53) is **DENIED AS MOOT**.

## II.  Background

This case involves contracts between Plaintiff and Defendant RightThing, under which RightThing provided "Recruitment Outsourcing Services" to Plaintiff. According to Plaintiff, in order to provide those recruitment services, RightThing contracted with Defendant ZeroChaos to procure temporary employees for Plaintiff. ZeroChaos then contracted with Defendants CES, KYYBA, and Aerotek to provide those employees. ECF No. 62 PageID.722. Again, according to Plaintiff, the original contract between Plaintiff and RightThing required RightThing to indemnify and insure Plaintiff. *Id.* at PageID.723. The original contract also permitted

2

RightThing to subcontract with other entities, so long as the subcontract was no less protective of Plaintiff's rights than the original contract. *Id.* Any subcontracts were allegedly required to be in "substantially the same form" as a sample subcontract attached to the original contract between Plaintiff and RightThing. *Id.* The claims in this case arise out of an allegation that Defendants breached these contractual provisions.

As noted above, Defendants RightThing and ADP removed the case to federal court approximately two months after Plaintiff filed the case, invoking the Court's diversity jurisdiction. "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citation omitted). After discovery, pursuant to a stipulated order extending the deadline to amend the Complaint to add parties, on January 20, 2018, Plaintiff added four defendants: ZeroChaos, CES, KYYBA, and Aerotek. On August 20, 2018, counsel for ZeroChaos informed Plaintiff that ZeroChaos was not completely diverse from Plaintiff. ECF No. 58 PageID.691. ZeroChaos provided details of its citizenship to Plaintiff on October 17, 2018. *Id.* For purposes of federal diversity jurisdiction, an LLC "has the citizenship of each of its members." *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

According to counsel for ZeroChaos, "one individual member of ZeroChaos is a citizen of Sweden and two other individual members are U.S. citizens domiciled abroad." ECF No. 58 PageID.691; ECF No. 58-1. Plaintiff also has foreign citizenship. ECF No. 58 PageID.693. Plaintiff argues, and Defendants agree, that the citizenship of these three members of ZeroChaos destroys diversity jurisdiction.

First, U.S. citizens domiciled abroad are "stateless persons" who cannot invoke diversity jurisdiction in federal courts. *Nat'l Enters., Inc. v. Smith*, 114 F.3d 561, 566 (6th Cir. 1997). Second, the presence of a foreign citizen on each side of a lawsuit destroys complete diversity. *TC Power Ltd. v. Guardian Indus. Corp.*, 568 F. App'x 376, 379 (6th Cir. 2014).

The parties agree that this Court no longer has jurisdiction over the case after the addition of ZeroChaos. But they disagree on what to do about it. Plaintiff seeks remand to state court; responding Defendants instead request that the Court deny joinder of ZeroChaos and retain the case without ZeroChaos as a defendant.

**III. Standard of Review**

Parties agree that the relevant standard of review is found in 28 U.S.C. § 1447(e). That statute provides: "If after removal, the plaintiff seeks to join additional defendants whose joinder would defeat subject matter jurisdiction, the Court may deny joinder, or permit

4

joinder and remand the action to the State court." Plaintiff argues that the plain text of 28 U.S.C. § 1447(e) requires remand because the Court has already "permit[ted] joinder." Responding Defendants argue that the joinder on January 30, 2018, was pursuant to a stipulation, and therefore *not* permitted by the Court. In such cases, Defendants say, the Court can retroactively reject post-removal joinder.

Defendants urge a factor-by-factor analysis that case law has overlaid on the text of the statute. These factors include: "[T]he extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich. 1997) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). In its Reply, Plaintiff also argues that, even if the Court conducted a factor-by-factor analysis, that analysis would come out in Plaintiff's favor.

The Court finds that it must analyze the factors set forth in *Wells*. While the Court did enter the stipulated order that allowed Plaintiff to add defendants, it did not explicitly "permit" Plaintiff to join non-diverse defendants. And "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e),

5

even if the joinder was without leave of court." *Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999) (finding that reading § 1447(e) in conjunction with Fed. R. Civ. P. 15(a), 19, and 21 makes it clear that a district court "has authority to pass upon any attempts—even those for which the plaintiff needs no leave of court—to join a nondiverse defendant."); *accord. Phillip-Stubbs v. Walmart Supercenter*, No. 12-10707, 2012 WL 1952444, at *3–4 (E.D. Mich. May 25, 2012). Consequently, the Court discusses each factor below.

### IV. Analysis

As set forth above, § 1447(e) provides the Court with two choices; it has discretion to decide whether to deny joinder of ZeroChaos or to permit joinder and remand the case to state court. The factors set forth in *Wells* are non-exhaustive but provide a helpful framework for addressing the fundamental question: whether joinder and remand are in the interest of justice. *See Nazario v. Deere & Co. d/b/a John Deere*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). After an analysis of the four factors, the Court finds that the balance of equities weighs in favor of permitting joinder and remanding the case to state court.

#### a. The extent to which the proposed amendment's intent was to destroy federal jurisdiction

Responding defendants do not allege that the purpose of adding ZeroChaos was to destroy federal jurisdiction. The Court finds no reason to think that this factor weighs against Plaintiff. As outlined above, ZeroChaos appears to be a contractual link between RightThing and the other three defendants (CES, KYYBA, and Aerotek). In addition, Plaintiff apparently did not know ZeroChaos' citizenship when it joined ZeroChaos as a defendant. Based on the record and Plaintiff's explanation for its need to join ZeroChaos, it appears that Plaintiff did not intentionally seek to destroy federal jurisdiction by adding a non-diverse party. Therefore, this factor weighs in Plaintiff's favor.

### b. Whether the plaintiff was dilatory in joining the nondiverse defendant

Plaintiff joined ZeroChaos pursuant to a stipulated order between the parties—within the deadline to which the existing defendants agreed. Defendant ZeroChaos argues that Plaintiff could have joined ZeroChaos in the original state court action when Plaintiff filed suit in October 2016. Plaintiff responds that it did not have a basis to add ZeroChaos as a defendant until it received copies of relevant contracts and insurance documents during discovery. Defendants do not specifically dispute this, saying only that "Plaintiff

7

was aware of ZeroChaos's *identity* and its role in providing temporary workers to perform services for Plaintiff." ECF No. 59 PageID.706 (emphasis added). District courts are "required to resolve all doubts about federal jurisdiction in favor of remand." *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The Court finds that acting within an agreed-upon deadline to amend, with an articulated, sound reason for failure to join the defendant in the initially-filed Complaint, is not dilatory.

### c. Whether plaintiff would be significantly injured if the motion to amend were denied

Defendants claim that Plaintiff will not suffer prejudice through denial of joinder because Plaintiff's claim against ZeroChaos is separate from its claims against the other defendants and can be vindicated separately in state court. But upon a review of the Plaintiff's summary of the dispute, it appears that requiring Plaintiff to air its claim against ZeroChaos separately in state court would waste of party and judicial resources. As Plaintiff explains, ZeroChaos is the contractual link between RightThing and the other three defendants. Any suit against ZeroChaos on its own in state court would necessarily require duplicating much of the federal court proceedings. Meanwhile, for Plaintiff to bear this cost would be prejudicial. *See Ivnes v. Novartis Pharmaceutical Corp.*, No. 3:12-cv-191, 2013

WL 499211, at *3 (E.D. Tenn. Feb. 7, 2013) (finding prejudice where plaintiffs would be "required to manage two lawsuits in separate courts when both cases are clearly related to the same events").

### d. Any other equitable factors

In their Responses, Defendants rest on a "diverse defendant's interest in selecting a federal forum." ECF No. 59 PageID.708 (quoting *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005)). But the same court noted that "the plaintiffs also have a right to fashion their lawsuit, select their causes of action, and advance theories against the parties of their choosing." *Id*. In this case, particularly because of the intertwined claims against these six defendants, the Plaintiff's right to bring a suit against parties of its choice outweighs Defendants' choice of a federal forum.

Responding Defendants also raise a due process argument. They say that if this case were remanded, the defendants could be found to have waived personal jurisdiction defenses in state court by litigating in federal court in the forum state. For this proposition, Defendant ZeroChaos cites *Gerber v. Riordan*, 649 F.3d 514, 517 (6th Cir. 2011). While *Gerber* deals comprehensively with waiver of personal jurisdiction defenses in federal court, it does not address the issue that is central here: whether waiver of personal jurisdiction defenses in federal court presents a due process violation if the case is remanded to state court.

9

For its part, Defendant Aerotek contributes one out-of-state court case on this point, *SII MegaDiamond, Inc. v. Am. Superabrasives Corp.*, 969 P.2d 430, 437 (Utah 1998). In *MegaDiamond*, the Utah Supreme Court stated:

> When a defendant consents to personal jurisdiction in a federal court sitting in diversity, that defendant necessarily consents to the forum state's exercise of personal jurisdiction. Allowing a defendant to waive personal jurisdiction in the federal court but later contest the exercise of jurisdiction in a state court is tantamount to allowing a defendant to waive jurisdiction in one district court in Utah but contest it in another district court.

*Id.* at 437.

While Defendants attempt to paint this as a reason to deny joinder of ZeroChaos and keep the case in federal court, the Court sees this point of law as largely irrelevant. If defendants in diversity cases have valid personal jurisdiction defenses, they ought to assert them in the first instance.[1] This is especially true where defendants stipulate to an extension of the deadline to add new parties, as

---

[1] If a defendant has a valid personal jurisdiction defense in state court, the defendant will also have a valid personal jurisdiction defense in federal court. In federal cases based on diversity jurisdiction, the federal court looks to state law to determine whether the court has personal jurisdiction over the defendant. *MAG IAS Holdings v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017) ("In determining whether limited personal jurisdiction exists over a given defendant, we look to both the long-arm statute of the forum state and constitutional due-process requirements.").

RightThing did. ECF No. 17. Even after removal, there is no guarantee that a case in federal court on diversity jurisdiction will remain in federal court. That is clear from the text of 28 U.S.C. § 1447(e). Nothing prevented Defendants from challenging personal jurisdiction in the federal forum if they had a good faith basis that the facts supported such a challenge, but they chose not to do so. Defendants also chose to allow Plaintiff more time to add parties, and Plaintiff amended the Complaint within the agreed upon time-frame. The Court declines to find Defendants' waiver of personal jurisdiction defenses in federal court to be a reason to permit them to remain in federal court against the wishes of Plaintiff and against the balance of equities in the case as a whole. The addition of a non-diverse party deprives this Court of subject matter jurisdiction; the case will therefore be remanded.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. The pending Motion for Summary Judgment is **DENIED AS MOOT**. The case will be remanded to Oakland County Circuit Court.

**SO ORDERED.**

Dated: December 20, 2018    s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on December 20, 2018.

s/A. Chubb<br>
Case Manager